[Cite as *Litchfield Twp. Bd. of Trustees v. Forever Blueberry Barn, L.L.C.*, 2018-Ohio-345.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| LITCHFIELD TOWNSHIP BOARD OF TRUSTEES | C.A. No.  16CA0083-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No.  15 CIV 0677 |
| FOREVER BLUEBERRY BARN, LLC | |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: January 29, 2018

TEODOSIO, Judge.

{¶1} The Litchfield Township Board of Trustees ("Litchfield") appeals from the judgment of the Medina County Court of Common Pleas entered on October 24, 2016, overruling Litchfield's objections and adopting the amended magistrate's decision. We reverse and remand.

I.

{¶2} On July 13, 2015, Litchfield filed a complaint for injunctive relief against Forever Blueberry Barn, LLC ("Blueberry Barn"), alleging that Blueberry Barn was operating a business and using a barn located on the subject property as a rental facility for wedding receptions and other social gatherings in violation of Litchfield Township zoning resolutions. On November 5, 2015, a magistrate's decision granted a permanent injunction prohibiting Blueberry Barn from using the property to host weddings and receptions. The decision explicitly reserved jurisdiction

to enforce or modify the injunction. On January 7, 2016, the trial court adopted the magistrate's decision.

{¶3} On March 7, 2016, Blueberry Barn filed a motion to terminate the permanent injunction, arguing that it met the requirements for a viticulture zoning exemption under R.C. 519.21. A magistrate's decision issued on June 7, 2016, lifted the injunction on the use of the barn under the viticulture exemption, finding that the requirements of R.C. 519.21 had been met, except for the actual sale of wine. An amended magistrate's decision was issued on September 7, 2016, finding that all requirements of R.C. 519.21 had been met, including the sale of wine. On October 24, 2016, the trial court adopted the amended magistrate's decision and overruled Litchfield's objections. Litchfield now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT/APPELLEE PROPERTY OWNER HAS SATISFIED THE REQUIREMENTS TO ASSERT AN AGRICULTURAL EXEMPTION FROM ZONING REGULATION FOR VITICULTURE PURSUANT TO R.C. 519.21(A) AND THEREBY ERRED IN MODIFYING A PERMANENT INJUNCTION WHERE THE COURT PROHIBITED THE APPELLEE FROM RENTING A BUILDING ON THE PEOPERTY AS A WEDDING/RECEPTION VENUE TO NOW PERMIT SUCH RENTALS FOR WEDDINGS/RECEPTIONS AND OTHER SOCIAL GATHERINGS.

{¶4} Litchfield argues the trial court erred in finding there was a zoning regulation exemption pursuant to R.C. 519.21(A). This argument is, in part, based upon the contention that the building in question is not used primarily for vinting and selling wine—an argument previously raised in Litchfield's objections to the amended magistrate's decision.

{¶5} "R.C. 519.02 authorizes township trustees, in the interest of the public health and safety, to adopt resolutions limiting the size and location of buildings and other structures and the

uses of land for trade, industry, residence, recreation, or other purposes." *Terry v. Sperry*, 130

Ohio St.3d 125, 2011-Ohio-3364, ¶ 20. That power, however, is limited in pertinent part by R.C.

519.21(A) which provides:

> Except as otherwise provided in divisions (B) and (D) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, including buildings or structures that are used primarily for vinting and selling wine and that are located on land any part of which is used for viticulture, and no zoning certificate shall be required for any such building or structure.

Thus, a township may not prohibit the construction or use of a building located upon land used

for agricultural purposes, if said building is incident to the land's use for agricultural purposes.

This includes a building located on land where any part of that land is used for viticulture, and

where the building is used primarily for vinting and selling wine. We note that "[v]iticulture is

'the cultivation or culture of grapes esp. for wine making.'" *Terry* at ¶ 22, quoting Merriam-

Webster Collegiate Dictionary (11th Ed.2003) 1399.

{¶6} In the context of viticulture and the vinting and selling of wine, *Terry* provides

several points of guidance. The discussion in *Terry* begins with the Supreme Court of Ohio

noting that the appellate court had incorrectly determined that in R.C. 510.21(A), "the General

Assembly intended that the agricultural purpose must be the primary use of the property." *Terry*

at ¶ 25. With regard to the language of R.C. 519.21(A), the *Terry* Court stated: "We conclude

that the language is clear and unambiguous. If there is agricultural use of the property

(viticulture), the township may not regulate the zoning of buildings that are used primarily for

vinting and selling wine." *Id.* at ¶ 26. The *Terry* Court further concluded "there is no

requirement in R.C. 519.21(A) that the vinting and selling of wine be a secondary or subordinate

use of the property or that viticulture be the primary use of a property. A township may not prohibit the use of a property for vinting and selling wine if *any* part of the property is used for viticulture." (Emphasis added.) *Id.* at ¶ 26-27. "'[A]ny' can mean one vine." *Id.* at ¶ 27. Put yet another way: "R.C. 519.21(A) does not require for its application that *viticulture* be the primary use of property engaged in the vinting and selling of wine." (Emphasis added.) *Id*. at ¶ 17. The *Terry* Court then completed its analysis: "We therefore hold that pursuant to R.C. 519.21(A), a township has no zoning authority over the use of buildings or structures for the vinting and selling of wine on property that is also used for viticulture." *Id.* at ¶ 28.

{¶7} In the case now before us, the trial court determined that as long as *any* part of the property was used for viticulture, it met that requirement of R.C. 519.21(A), and therefore viticulture was not required to be the primary use of the land. We agree that such a conclusion is consistent with *Terry*, however the analysis does not end there. With regard to buildings or structures located on land—where any part of that land is used for viticulture—a township may not regulate the zoning of buildings that are used primarily for vinting and selling wine. Although *Terry* does not require that *viticulture* be the primary use of the land at issue, it does provide, in accordance with R.C. 519.21(A), that "[i]f there is agricultural use of the property (viticulture), the township may not regulate the zoning of buildings *that are used primarily for vinting and selling wine*." (Emphasis added.) *Id.* at ¶ 26. In the present case, the trial court did not make a determination as to whether the building in question was used primarily for vinting and selling wine.

{¶8} The amended magistrate's decision addressed this issue in the alternative. The magistrate found that "wineries commonly use receptions of all types * * * to promote their product" and that "[t]he barn is not available for receptions unless wine is purchased." The

magistrate then concluded: "Therefore, even if the statute did require the vinting and selling of wine be the primary use of the property, in this case the vinting and selling of wine is not only the primary use of the barn, it is the only use of the barn."

{¶9} Although the trial court stated that it adopted and affirmed the magistrate's decision in full, we are particularly concerned with the magistrate's framing of the issue in the alternative, i.e.: "even if the statute did require the vinting and selling of wine be the primary use of the property * * *." The use of the conditional "even if" is further complicated by the magistrate replacing the statute's specific reference to "*buildings or structures* that are used primarily for vinting and selling wine" with the word "property." *See* R.C. 519.21(A). The magistrate's decision thus provided a conditional and inexact statement of law that was not addressed by the trial court in its analysis of R.C. 519.21(A).

{¶10} As a result, we are unable to conclude that the trial court made a determination as to whether the building in question was used primarily for vinting and selling wine. Without such a finding, we are unable to review the trial court's determination that the building in question is exempt from zoning regulations under R.C. 519.21(A).

{¶11} Litchfield's assignment of error is sustained.

III.

{¶12} Litchfield's assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed and the cause is remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR

APPEARANCES:

S. FORREST THOMPSON, Prosecuting Attorney, and TOM J. KARRIS, Assistant Prosecuting Attorney, for Appellant.

MICHAEL LARIBEE, Attorney at Law, for Appellee.