[Cite as *Litchfield Twp. Bd. of Trustees v. Forever Blueberry Barn, L.L.C.*, 2019-Ohio-322.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

LITCHFIELD TOWNSHIP BOARD OF
TRUSTEES

      Appellant

      v.

FOREVER BLUEBERRY BARN, LLC

      Appellee

C.A. No.     18CA0023-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    15 CIV 0677

DECISION AND JOURNAL ENTRY

Dated: February 4, 2019

HENSAL, Judge.

{¶1} The Litchfield Township Board of Trustees appeals a judgment of the Medina County Court of Common Pleas that modified a permanent injunction it had issued against Forever Blueberry Barn, LLC. For the following reasons, this Court affirms.

I.

{¶2} In 2015, Litchfield sought injunctive relief against Forever Blueberry Barn, alleging that it was using a barn on its property to host wedding receptions and other social gatherings in violation of the township's zoning resolution. Following a hearing before a magistrate, the trial court entered a permanent injunction against the Barn.

{¶3} In 2016, the Barn sought to terminate the injunction, alleging it had met the requirements for a zoning exemption because it was engaged in viticulture on its property. Following another hearing before a magistrate, the trial court found that the Barn had satisfied all the requirements to assert a viticulture exemption under Revised Code Section 519.21(A). It,

therefore, modified the injunction so that it would not apply so long as the Barn continued to satisfy the requirements for the exemption. On appeal, this Court concluded that the trial court had failed to determine whether the Barn was using the barn at issue primarily for the vinting and selling of wine. It, therefore, reversed the trial court's judgment. *Litchfield Twp. Bd. of Trustees v. Forever Blueberry Barn, LLC*, 9th Dist. Medina No. 16CA0083-M, 2018-Ohio-345, ¶ 12. On remand, the trial court found that the barn is used primarily for vinting and selling wine. It, therefore, issued another journal entry that modified the permanent injunction to reflect that Litchfield would not have any zoning authority over the barn or any other buildings or structures on the Barn's property that are used primarily for the vinting and selling of wine. Litchfield has appealed, assigning as error that the trial court erred when it found that the Barn satisfied the requirements for a viticulture zoning exemption.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED, BY FINDING THAT APPELLEE/DEFENDANT PROPERTY OWNER HAS SATISFIED THE REQUIREMENTS TO ASSERT AN AGRICULTURAL EXEMPTION FROM ZONING REGULATION FOR VITICULTURE PURSUANT TO R.C. 519.21(A) AND IN MODIFYING A PERMANENT INJUNCTION WHERE THE COURT PROHIBITED THE APPELLEE FROM RENTING A BUILDING ON THE PROPERTY AS A WEDDING/RECEPTION VENUE TO NOW PERMIT SUCH RENTALS FOR WEDDINGS/RECEPTIONS AND OTHER SOCIAL GATHERINGS AFTER THE ORIGINAL DECISION WAS REVERSED AND REMANDED BY THIS COURT UPON APPEAL, AS THE TRIAL COURT HAS NOT MADE A PROPER DETERMINATION IN ACCORDANCE WITH THE COURT OF APPEALS ORDER AS TO WHETHER THE BUILDING IN QUESTION IS USED PRIMARILY FOR VINTING AND SELLING WINE, WHERE THE COURT RESPONDED SIMPLY BY DETERMINING THAT THE BUILDING IN QUESTION IS USED PRIMARILY FOR VINTING AND SELLING OF WINE WITHOUT THE PROPER ANALYSIS OUTLINED BY THE COURT OF APPEALS, CONTRARY TO THE LAW AND THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶4}** Litchfield argues that the trial court incorrectly found that the barn is exempt from its zoning regulations because it is used primarily for the vinting and selling of wine. Ohio Revised Code Section 519.21(A) provides that

> [S]ections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, including buildings or structures that are used primarily for vinting and selling wine and that are located on land any part of which is used for viticulture, and no zoning certificate shall be required for any such building or structure.

The trial court found that the Barn uses part of the barn for making and storing wine and that it plans to use the rest of the barn to sell wine. Specifically, the Barn plans to allow customers to use the barn for private events if they purchased a requisite amount of wine. Customers will also be able to buy wine without holding an event in the barn. The court found that the Barn had, in fact, already sold some wine from the barn. It, therefore, found that the barn is used primarily for vinting and selling wine.

**{¶5}** Litchfield argues that wedding receptions do not qualify as a selling activity under Section 519.21(A). It notes that the Barn did not present a written business plan or any other specific evidence to establish the quantity of wine required to use the barn. It also argues that there has been only one purported sales transaction, which was to a cousin of the Barn's owner. It also argues that there was no evidence that the purported sale occurred in the barn. Litchfield also criticizes the court's finding that "wineries commonly use receptions of all types as well as retail sales to promote their product[,]" arguing that there is no evidence in the record to support such a finding. According to Litchfield, the trial court's finding that the primary use of the barn is for the selling and vinting of wine was based on the Barn's naked assertion that it will conduct weddings in the barn for the purpose of selling wine.

**{¶6}** Upon review of Section 519.21(A), we conclude that whether a building or structure is used primarily for vinting and selling wine is a question of fact. Most facts in civil cases "need only be proven by a preponderance of the evidence * * *." *Huntington Natl. Bank v. Chappell*, 183 Ohio App.3d 1, 2007-Ohio-4344, ¶ 30 (9th Dist.). Litchfield argues that the Barn had to prove it uses the barn primarily for vinting and selling wine by clear and convincing evidence. The cases it cites, however, do not establish that the Barn had to meet an elevated standard of proof. One was a probate case that involved whether there was undue influence of a fiduciary. *In re Estate of Haas*, 10th Dist. Franklin No. 07AP-512, 2007-Ohio-7011, ¶ 39. Another was a criminal case that simply noted that, in civil cases, some issues must be established by clear and convincing evidence. *State v. Robinson*, 47 Ohio St.2d 103, 107 (1976). The third was a contracts case in which the plaintiff failed to establish fraudulent inducement. *Farris Disposal, Inc. v. Leipply's Gasthaus, Inc.*, 9th Dist. Summit No. 22569, 2005-Ohio-6737, ¶ 23.

**{¶7}** The Barn's sole member testified that wine will be fermented in one room of the barn, which he described as the kitchen. He said that the company planned to hold agriculture tourist activities at the farm and that it would "sell and market our product to people through events like weddings and birthday parties, wedding showers, corporate events, hayrides, those kind of things." Although he was not completely sure of the fee structure, he testified that there would also be "a tasting room to have people come and hang out and enjoy the atmosphere and purchase the wine." If someone wanted to have exclusive use of the barn for a private event, there would be purchase requirements. Otherwise, the barn would be open to the public. He testified that the barn will be "open during the week with regular hours" and that, if an event is not planned, it would be open "[l]ike a regular winery where people show up to buy wine." He

also testified that all the wine that the Barn had produced was being stored inside the barn, except for the bottles that his cousin purchased.

{¶8} To the extent that Litchfield challenges the credibility of the Barn's member because he did not support his testimony with receipts and written business plans, we note that the trial court was in the best position to observe the witnesses' "demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Upon review of the record, we conclude that the trial court's finding that the barn is primarily used for the vinting and selling of wine is not against the weight of the evidence. Initially, we note that Litchfield does not contest that part of the barn will be used exclusively for vinting and storing wine. It also does not appear to challenge the member's testimony that another part of the barn will be used for a tasting room and to sell wine directly to the public. The barn may also be rented out for private events on the condition that a certain quantity of wine is purchased for the event. Although that method may not be the customary way of "selling" wine, the Ohio Supreme Court has advised that "exemptions from restrictive zoning provisions are to be liberally construed." *Terry v. Sperry*, 130 Ohio St.3d 125, 2011-Ohio-3364, ¶ 19. We also conclude that, although there was no direct evidence that the wine sale to the cousin of the Barn's member occurred in the barn, it was reasonable for the court to infer that the sale occurred in the barn because that is where the wine is vinted and stored.

{¶9} Litchfield also argues that the agricultural exemption does not apply to the barn because there was no evidence that the Barn engages in viticulture on the property. It notes that all of the wine that the Barn has produced so far was from grapes brought onto the property. Although it acknowledges that the Barn has planted some vines, it contends that no grapes have

grown or been harvested on the property. It, therefore, argues that the Barn's activities are "not agricultural and not exempt from zoning regulation * * *."

{¶10} In *Terry*, the Ohio Supreme Court recognized that "[v]iticulture is 'the cultivation or culture of grapes esp. for wine making.'" *Id*. at ¶ 23, quoting *Merriam-Webster Collegiate Dictionary* 1399 (11th Ed.2003). It also referred to viticulture as "the growing of grapes[.]" *Id*. It further explained that, under Section 519.01, there is no "minimum number of vines needed for cultivation to constitute viticulture * * *." *Id*. Thus, even one vine is sufficient. *Id*. at ¶ 27.

{¶11} Litchfield's zoning inspector testified that he observed five rows of grape vines growing on the Barn's property. He also submitted a photograph of them. He testified that, since he observed them in April and they had only been planted the previous summer, they looked more like twigs than vines. At a subsequent hearing, the Barn's member testified that the vines had grown since the spring, producing new shoots and mature grapes. He also submitted photographs of the growth. Upon review of the record, we conclude that the trial court's finding that the Barn is engaged in viticulture on its property is not against the weight of the evidence.

{¶12} The record contains sufficient evidence to establish that the Barn engages in viticulture on its property and that it uses the barn primarily to vint and sell wine. The trial court's findings of fact are not against the weight of the evidence. Accordingly, Litchfield's assignment of error is overruled.

III.

**{¶13}** Litchfield's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶14} I respectfully dissent. "'[M]anifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion[.]" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 19. In this case, I believe that the weight of the evidence supports the conclusion that Blueberry Barn exists primarily as an event venue. Despite testifying regarding his personal vision for how the vinting, storing, and selling of wine at the facility would work, Blueberry Barn's sole member was unable to produce a written business plan or receipts detailing wine sales at the facility. There is little evidence in the record that Blueberry Barn has actually undertaken the endeavor of vinting and selling its own wine. Instead, Blueberry Barn serves mainly as a rental facility for social gatherings, with any viticulture-related activities being peripheral to its primary existence as an event venue. Accordingly, I would conclude that Blueberry Barn has not demonstrated that its building or structure is used primarily for vinting and selling wine under R.C. 519.21(A) and, therefore, does not qualify for the viticulture exception. I would sustain Litchfield's assignment of error and reverse.

APPEARANCES:

S. FORREST THOMPSON, Prosecuting Attorney, and TOM J. KARRIS and BRIAN M. RICHTER, Assistant Prosecuting Attorneys, for Appellant.

MICHAEL LARIBEE, Attorney at Law, for Appellee.