[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Litchfield Twp. Bd. Of Trustees v. Forever Blueberry Barn, L.L.C.*, Slip Opinion No. 2020-Ohio-1508.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1508

LITCHFIELD TOWNSHIP BOARD OF TRUSTEES, APPELLANT, *v.* FOREVER BLUEBERRY BARN, L.L.C., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Litchfield Twp. Bd. Of Trustees v. Forever Blueberry Barn, L.L.C.*, Slip Opinion No. 2020-Ohio-1508.]

*Township zoning—R.C. 519.21(A)—Exemption for viticulture—Buildings used primarily for vinting and selling wine—Court of appeals' judgment affirmed.*

(No. 2019-0418—Submitted February 11, 2020—Decided April 21, 2020)

APPEAL from the Court of Appeals for Medina County,

No. 18CA0023-M, 2019-Ohio-322.

_____

STEWART, J.

{¶ 1} In *Terry v. Sperry*, 130 Ohio St.3d 125, 2011-Ohio-3364, 956 N.E.2d 276, ¶ 26, we construed R.C. 519.21(A) and held that "a township may not prohibit

the use of buildings for the vinting and selling of wine on a property as long as the property also cultivates grapes for wine making." In this discretionary appeal, we consider a related question under R.C. 519.21(A): the quantum of evidence required to show that a building located upon land on which grapes are cultivated is used primarily for "vinting and selling wine." We hold that whether a building is used primarily for vinting and selling wine under R.C. 519.21(A) is a question of fact that must be proven by a preponderance of the evidence.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Appellee, Forever Blueberry Barn, L.L.C. ("Blueberry Barn"), owns a barn in Litchfield Township on land that is designated as residential. Blueberry Barn rents the barn for "barn weddings" and other social gatherings. Believing that Blueberry Barn's use of its land for those purposes was not permitted in a residential district, appellant, Litchfield Township Board of Trustees ("township trustees"), filed a complaint in the Medina County Court of Common Pleas seeking to enjoin Blueberry Barn from using its land for weddings and other social gatherings. The trial court issued an injunction barring Blueberry Barn from using the land for weddings and other social gatherings, but the court later rescinded the injunction after hearing evidence that Blueberry Barn had planted grapevines on the land and planned to sell wine made from the grapes to its renters as a condition of renting the barn. The trial court determined that Blueberry Barn's use of the land met the "vinting and selling wine" exemption under R.C. 519.21(A).

{¶ 3} The Ninth District Court of Appeals reversed, ruling that the trial court had failed to determine whether the barn, as opposed to the land on which it is located, was being used primarily for the purpose of vinting and selling wine. 2018-Ohio-345, ¶ 9-10.

{¶ 4} On remand, the trial court conducted a hearing and determined that Blueberry Barn had produced wine and stored it in the barn, along with the equipment used for the production of the wine, and that persons renting the barn

would be required to purchase the wine in order to have exclusive use of the barn. Because the ability to rent the barn would be dependent upon the purchase of Blueberry Barn's wine, the trial court determined that the barn was used primarily for vinting and selling wine.

{¶ 5} On further appeal, the Ninth District affirmed. 2019-Ohio-322. Citing the trial court's factual finding that the barn is primarily used for the vinting and selling of wine, the court of appeals determined that the trial court's judgment was supported by the weight the evidence. *Id.* at ¶ 8. A dissenting judge concluded that the trial court's decision was against the weight of the evidence because Blueberry Barn exists "primarily as an event venue." *Id.* at ¶ 14 (Carr, J., dissenting).

{¶ 6} We accepted for review the township trustees' following proposition of law:

> Upon a property where grapes are cultivated, the owner's use of a building upon said property must be shown to be utilized primarily for the production of wine made from grapes and for the sale of wine produced therein, in order, pursuant to R.C. § 519.21(A), for the use of the building to be exempt from zoning regulation.

**ANALYSIS**

{¶ 7} Ohio townships have no inherent zoning power—any zoning authority they have is conferred by the legislature. *Trustees of New London Twp. v. Miner*, 26 Ohio St. 452, 453-454 (1875); *Torok v. Jones*, 5 Ohio St.3d 31, 32, 448 N.E.2d 819 (1983). Zoning regulations are in derogation of property rights and are ordinarily construed in favor of the property owners. *Boice v. Ottawa Hills*, 137 Ohio St.3d 412, 2013-Ohio-4769, 999 N.E.2d 649, ¶ 10. When a statute creates

an exemption from restrictive zoning provisions, the exemption should be "liberally construed." *Terry*, 130 Ohio St.3d 125, 2011-Ohio-3364, 956 N.E.2d 276, at ¶ 19.

{¶ 8} R.C. 519.21(A) creates an exemption from restrictive zoning by townships:

> Except as otherwise provided in divisions (B) and (D) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, including buildings or structures that are used primarily for vinting and selling wine and that are located on land any part of which is used for viticulture, and no zoning certificate shall be required for any such building or structure.

{¶ 9} In *Terry*, we determined that "[t]he exemption from township zoning in R.C. 519.21(A) does not require for its application that viticulture be the primary use of property engaged in the vinting and selling of wine." *Terry* at syllabus. We explained that there are "two circumstances under which the use of a property is exempt from township zoning regulations: (1) the property is used for agricultural purposes or (2) the construction or use of buildings or structures on the property is incident to an agricultural use of the land." *Id*. at ¶ 21. We concluded that "[a] township may not prohibit the use of a property for vinting and selling wine if any part of the property is used for viticulture. * * * " '[A]ny' can mean one vine." *Id*. at ¶ 27.

4

{¶ 10} This case differs from *Terry* because it involves the use of a building (the barn), as opposed to the use of the land itself for viticulture. Blueberry Barn had produced wine and stored it in the barn, along with the equipment used for the production of the wine, and it intended to require its renters to purchase the wine as a condition of having exclusive use of the barn. Use of the land for viticulture clearly falls within the R.C. 519.21(A) exemption from zoning restriction. This case asks whether the barn itself is used primarily for vinting and selling wine under R.C. 519.21(A).

{¶ 11} R.C. 519.21(A) does not define the word "primary," so we give the word its usual and ordinary meaning. *In re Foreclosure of Liens for Delinquent Land Taxes*, 140 Ohio St.3d 346, 2014-Ohio-3656, 18 N.E.3d 1151, ¶ 12. The word "primary" means "of first rank, importance, or value." *Merriam-Webster's Collegiate Dictionary* (11th Ed.2003). We determine that whether a building is used primarily for vinting and selling wine is a question of fact that must be proven by a preponderance of the evidence.

{¶ 12} The township trustees argue that Blueberry Barn does not use its barn primarily for vinting and selling wine because only a small percentage of the barn's overall space (4 percent) is used for vinting and selling wine.

{¶ 13} The word "primary" is not synonymous with the word "majority," particularly with respect to the amount of space or time devoted to a particular land use. Thus, the amount of a building's interior space, or the time dedicated to a use of the space, do not always control whether the use is the "primary" use. When a winery is, like Blueberry Barn, in the initial stages of production and is producing limited quantities of wine, it is not unreasonable to use the space for other purposes. That Blueberry Barn used its space in the barn for events does not mean that vinting and selling wine is not the primary purpose of the barn.

{¶ 14} Suppose that Ohio Stadium hosts 20 events on a yearly basis, but only 7 of those events are home games for The Ohio State University football team.

It would be difficult to argue that under that scenario the primary use of Ohio Stadium is something other than football.

{¶ 15} Moreover, the trial court determined that Blueberry Barn, in addition to using the barn to make and store its wine, intended to rent the barn for weddings and other social events at which the renter would be required to purchase Blueberry Barn's wine. Because Blueberry Barn intended to require its renters to purchase Blueberry Barn's wine, a trier of fact could determine that the rental facilitated the vinting and selling of wine and contributed to the barn's primary use of vinting and selling wine.

**CONCLUSION**

{¶ 16} The trial court determined that the primary use of the barn, and the events held therein, was to facilitate the sale of Blueberry Barn wine by conditioning the rental of the barn on the purchase of its wine. This was a proper application of the primary-use test under R.C. 519.21(A), the factual merit of which we do not decide because it is a question going to the weight of evidence, and this court does not ordinarily consider the weight of the evidence. *Ross v. Ross*, 64 Ohio St.2d 203, 204, 414 N.E.2d 426 (1980); *In re Estate of Hatch*, 154 Ohio St. 149, 153, 93 N.E.2d 585 (1950) ("This court is not required to and ordinarily does not weigh the evidence").

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

————————————

S. Forrest Thompson, Medina County Prosecuting Attorney, and Tom J. Karris and Brian M. Richter, Assistant Prosecuting Attorneys, for appellant.

Laribee & Hertrick, L.L.P, and Michael L. Laribee, for appellee.

————————————