[Cite as *Union Twp. Bd. of Trustees v. Jordan*, 2021-Ohio-3871.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| UNION TOWNSHIP BOARD OF TRUSTEES, | : | |
| | : | CASE NO. CA2021-01-003 |
| Appellant, | : | O P I N I O N<br>11/1/2021 |
| - vs - | : | |
| | : | |
| REGINA JORDAN, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017-CVH-00748

Schroeder, Maundrell, Barbiere & Powers, and Christopher L. Moore, and Jonathon T. Deters, for appellant.

Wood + Lamping LLP, and Kathleen F. Ryan, for appellee.

**HENDRICKSON, J.**

{¶1} Appellant, Union Township, appeals the denial of injunctive relief by the Clermont County Court of Common Pleas, which dismissed its complaint with prejudice.

{¶2} On September 2, 2014, appellee, Regina Jordan, purchased her property at 456 Old State Route 74, Union Township, Ohio, 45244. Jordan's property is an approximately one-half acre lot located in an area classified as "B-1" Business Zone by the Union Township Zoning Resolution ("UTZR"). Its use as a single-family residence in this zone is a nonconforming use. Since 2016, Jordan has owned and kept a horse and pig on

her property.

{¶3}    On April 19, 2017, the Union Township Zoning Inspector sent a letter to Jordan informing her that her property was not in compliance with the UTZR.  The letter requested Jordan "take appropriate action to correct these issues" and threatened legal action if she failed to do so.  On May 2, 2017, Jordan replied in a letter asserting that her horse was a registered service animal and that she believed she was permitted to keep the horse on her property.  Following a May 4 inspection of the property, Union Township Assistant Administrator and Planning & Zoning Director, Cory Wright, sent a letter to Jordan once again asserting that her property was in violation of the UTZR and directing her to "correct the above-mentioned violations" or appellant would take legal action.  Jordan did not take the requested actions.

{¶4}    On June 19, 2017, appellant filed a complaint in the Court of Common Pleas pursuant to R.C. 519.24, requesting a finding that Jordan was in violation of the UTZR, preliminary and permanent injunctions enjoining Jordan from violating the UTZR, damages incurred for alleged violations, and court costs associated with bringing the action.  Jordan filed an answer and asserted three counterclaims.  Both parties moved for summary judgment, which the trial court denied.  After submitting additional evidence, both parties again moved for summary judgment.  The trial court granted appellant's motion as to Jordan's counterclaim and denied the motion as to appellant's claims.  It also granted Jordan's motion in part and denied it in part.

{¶5}    The trial court then referred this matter to a trial before a magistrate pursuant to Civ.R. 53(C)(1)(b).  The trial was held on October 2, 2020, and the parties each filed post-hearing or closing argument briefs one week later.  The trial addressed two issues: (1) whether Jordan's keeping of the horse and pig on her property was a violation of the UTZR, and (2) whether Jordan's keeping of a horse trailer on her property was a violation of the

UTZR. All other issues were previously addressed by the trial court in its earlier disposal of the parties' multiple motions for summary judgment. At trial, Wright testified for appellant about whether appellant had the authority to regulate agriculture on Jordan's property. Appellant also submitted a map of Clermont County showing various plats.

{¶6} The magistrate found that Wright's testimony was insufficient to prove that Jordan's property was located in an area consisting of fifteen or more lots approved under R.C. 711.131 that are contiguous to one another in the manner described in R.C. 519.21(B)(1). Consequently, the magistrate found that the evidence before the trial court was insufficient to prove that Jordan's property was in an area where appellant could regulate agriculture under R.C. 519.21(B)(1). The magistrate awarded judgment in favor of Jordan and dismissed appellant's complaint with prejudice.

{¶7} The trial court adopted the findings of the magistrate, and thereafter appellant timely objected to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b). Appellant asserted that the magistrate had "incorrectly placed the burden of proof" on appellant, that Wright's testimony and the map established that appellant had authority to restrict agricultural use of Jordan's property, that the magistrate incorrectly interpreted R.C. 711.131, and that the magistrate improperly limited which claims appellant could present at trial. Finally, the trial court issued its decision and final judgment entry, granting judgment to Jordan on all claims and overruling appellant's objections in their entirety.

{¶8} Appellant now appeals, raising the following assignments of error:

{¶9} Assignment of Error No. 1:

{¶10} THE TRIAL COURT ERRED IN RULING FOR DEFENDANT WHEN NO REBUTTAL EVIDENCE WAS PRESENTED IN THE FACE OF DIRECT TESTIMONY AND EVIDENCE PRESENTED BY UNION TOWNSHIP'S WITNESS.

{¶11} Appellant argues that Jordan had the burden of proving that the Union

Township Zoning Resolution did not apply to her property. It cites cases discussing the presumption to be afforded to statutes, ordinances, and township zoning regulations in support of this assertion.

{¶12} "The grant or denial of a motion for injunctive relief is solely within the trial court's discretion." *Southwestern Ohio Basketball, Inc. v. Himes*, 12th Dist. Warren No. CA2020-08-045, 2021-Ohio-415, ¶ 34, quoting *N. Fairfield Baptist Church v. G129, L.L.C.*, 12th Dist. Butler No. CA2010-11-298, 2011-Ohio-3016, ¶ 18. On appeal, an appellate court cannot reverse that decision absent an abuse of discretion. *Deerfield Twp., Warren Cty. v. Loveland Park Baptist Church*, 12th Dist. Warren No. CA2000-07-064, 2001 WL 290270 at *2 (Mar. 26, 2001). "A decision constitutes an abuse of discretion when the trial court acted unreasonably, arbitrarily, or unconscionably." *Wells Fargo Bank v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, ¶ 32. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶13} The township's request for an injunction was filed pursuant to R.C. 519.24. In relevant part, the statute provides that in case

> any land is or is proposed to be used in violation of * * * any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, * * * in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding.

R.C. 519.24. We have previously held that "[t]his provision authorizes a township zoning board to institute an action for an injunction when a building or land is used in violation of a township's zoning laws." *Union Twp. Bd. of Trustees v. Old 74 Corp.*, 137 Ohio App.3d 289, 294 (12th Dist. 2000). Because the statute grants the injunctive remedy, appellant was not required to plead or prove an irreparable injury or that there is no adequate remedy

at law, as is required by Civ.R. 65. *Id.*; *see also Deerfield Twp.* at *2 ("Although the statute provides an injunctive remedy, the township is only required to show that the property was used in violation of the township's zoning laws"); *Palmer v. Gray*, 12th Dist. Warren No. CA2011-04-034, 2011-Ohio-6796, ¶ 25.

{¶14} Ohio townships do not have inherent or constitutionally granted police power, which is the power upon which zoning legislation is based. *W. Chester Twp. Bd. Of Trustees v. Speedway Superamerica, L.L.C.*, 12th Dist. Butler No. CA2006-05-104, 2007-Ohio-2844, ¶ 66; *see also Fischer Dev. Co. v. Union Twp.*, 12th Dist. Clermont No. CA99-10-100, 2000 WL 525815 at *1 (May 1, 2000) ("[A] township is a creation of statute, and the zoning ordinance may not exceed the bounds of statutory authority"). As such, the zoning authority possessed by Ohio townships is limited to that which is specifically conferred by the General Assembly. *Terry v. Sperry*, 130 Ohio St.3d 125, 2011-Ohio-3364, ¶ 18.

{¶15} The General Assembly, through R.C. 519.02, authorizes township trustees, in the interest of the public health and safety, to adopt resolutions limiting the size and location of buildings and other structures and the uses of land for trade, industry, residence, recreation, or other purposes. R.C. 519.02(A); *Terry* at ¶ 20. That power, however, is limited by R.C. 519.21, which provides that subject to narrow exceptions, the General Assembly has conferred no power on any township "to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land." R.C. 519.21(A). The statute defines "agriculture" to include "animal husbandry, including, but not limited to, the care and raising of *livestock*, *equine*, and fur-bearing animals." (Emphasis added.) R.C. 519.01.

{¶16} Townships are, however, permitted to prohibit the use of land for agricultural purposes in certain circumstances:

A township zoning resolution, or an amendment to such

- 5 -

resolution, may * * * in any area consisting of fifteen or more lots approved under section 711.131 of the Revised Code that are contiguous to one another, or some of which are contiguous to one another and adjacent to one side of a dedicated public road, and the balance of which are contiguous to one another and adjacent to the opposite side of the same dedicated public road regulate * * * [a]griculture on lots of one acre or less.

R.C. 519.21(B)(1). The UTZR is precisely such a township zoning resolution. It copies the language of R.C. 519.21(B) in providing, on the types of properties where the township is statutorily permitted to regulate agricultural uses, that "[o]n lots less than one (1) acre, all agricultural uses are prohibited." UTZR 621(7)(a)(2). The UTZR has also adopted the definition of agriculture provided by R.C. 519.01. In this case, the parties agree that Jordan's keeping of the horse and pig on her property is an agricultural use. They also agree that Jordan's property is less than one acre. Finally, they agree that the UTZR prohibits agricultural uses of certain types of property. Where they disagree is whether Jordan's property is of the type on which agricultural uses are prohibited.

{¶17} The question before the trial court, therefore, was whether Jordan's property was located in an "area consisting of fifteen or more lots approved under section 711.131 of the Revised Code." R.C. 519.21(B). To prove that the property was located in such an area, appellant relied principally upon the testimony of Wright at trial. It now contends that where Jordan did not "rebut" Wright's testimony, that testimony must be accepted as truth. To support this assertion, appellant relies on case law establishing a presumption of constitutionality for zoning ordinances and placing the burden of proof on the party challenging a regulation. *See, e.g., Goldberg v. Richmond Hts.*, 81 Ohio St.3d 207, 209 (1998); *Brown v. City of Cleveland*, 66 Ohio St.2d 93, 95 (1981). However, as the trial court properly noted, "[t]he statutory or constitutional validity of the zoning regulation in play here, was not before the Court." Jordan did not challenge the validity or constitutionality of the UTZR's prohibition on agricultural uses on lots less than one acre, but simply argued that it

- 6 -

did not apply to her property. As such, any reference on appellant's part to a presumption of validity of its regulation is irrelevant to our considerations.

{¶18} It is well established that the party seeking injunctive relief has the burden of proof. *State ex rel. Hardin v. Clermont Cty. Bd. Of Elections*, 12th Dist. Clermont Nos. CA2011-05-045 and CA2011-06-047, 2012-Ohio-2569, ¶ 22; *State ex rel. Sigall v. Aetna Cleaning Contrs. of Cleveland, Inc.*, 45 Ohio St.2d 308, 315 (1976). Further, the right to an injunction must be established by the strength of plaintiff's own case rather than by any weakness of that of its adversary. *Freeman Indus. Prods., L.L.C. v. Armor Metal Group Acquisitions, Inc.*, 12th Dist. Clermont Nos. CA2010-09-071 and CA2010-09-080, 2011-Ohio-1995, ¶ 14; *Union Twp. v. Union Twp. Professional Firefighters' Local 3412*, 12th Dist. Clermont No. CA99-08-082, 2000 WL 189959 at *3 (Feb. 14, 2000) ("[T]he movant must support its claim through the strength of its own case, not by any weakness in the nonmoving party's case"). Appellant's argument that the burden of proof was on Jordan as the nonmoving party is unpersuasive. *See Bd. of Trustees of Union Twp. v. Keith*, 12th Dist. Clermont No. CA93-08-060, 1994 WL 117767 at *2 (Mar. 28, 1994). Appellant's argument that the trial court should have ruled in its favor simply because Jordan did not rebut the testimony of its expert is similarly unconvincing. Appellant was responsible for proving its entitlement to injunctive relief and the trial court found that it did not meet that burden. We agree.

{¶19} The only evidence produced by appellant to prove that Jordan's property was of the type on which it could legally prohibit agriculture was the testimony of Wright, and an ambiguous map of the area (labelled by the trial court as "Exhibit 6"). The trial court characterized Wright's testimony as "cavalier." He did not identify what fifteen lots comprised the area within which Jordan's property lies. Instead, he repeatedly referred to a loosely defined area and when asked, repeatedly failed to identify any lots approved under

R.C. 711.131. We agree with the trial court that Wright's conclusions were *ipse dixit*, that is, "I say it is so, therefore it is so." We further agree that his failure to demonstrate that Jordan's property was located in an area "consisting of fifteen or more lots approved under [R.C. 711.131]" was "fatal to [appellant's] cause."

{¶20} Appellant argues that its Exhibit 6 in conjunction with Wright's testimony was sufficient to meet its burden. Once again, we disagree. The map produced by appellant is decidedly unhelpful, as it not only fails to identify Jordan's property, it also fails to identify which fifteen lots apply. It is worth quoting the trial court's discussion on this matter in its final decision at length:

> Exhibit 6 bears no identifiers of who created it; it does not bear the label, 'Clermont County Plat Map'; it does not identify what county or township authority may have approved it and under what statutory authority it was approved; it does not bear a stamp verifying it was 'approved by (planning authority) no plat required'; and it does not bear the signature of any clerk, secretary, or other official as required by R.C. 711.131.

{¶21} The trial court then noted that Wright's testimony did not remedy any of the above discrepancies:

> Initially, the Court finds that Mr. Wright's identification of Exhibit 6 as the 'Clermont County Plat Map' is speculative at best. If this is indeed the map [appellant] alleges it to be, it could have easily obtained a certified copy of it from the appropriate county authority that maintains it. That certainly did not happen here. Further, Mr. Wright does not explain, in any manner, what indicia he used to conclude that it 'appears to be' the 'Clermont County Plat Map' that supports [appellant's] claim. Yet another *ipse dixit* conclusion of Mr. Wright.

{¶22} Once again, we agree with the trial court. Appellant failed to meet the burden of proof necessary to prevail at trial. The evidence it produced in the form of Wright's testimony and Exhibit 6 was insufficient to show that appellant was entitled to injunctive relief. This objection is without merit and is therefore overruled.

{¶23} Assignment of Error No. 2:

{¶24} THE TRIAL COURT ERRED IN DENYING UNION TOWNSHIP'S MOTIONS FOR SUMMARY JUDGMENT AS JORDAN NEVER EXHAUSTED HER ADMINISTRATIVE REMEDIES.

{¶25} Union Township argues that, where Jordan never filed for a variance or administrative appeal following the notices of violation she received, she failed to exhaust her administrative remedies and her claims and defenses are consequently void.

{¶26} It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal. *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111 (1990). The doctrine of failure to exhaust administrative remedies is an affirmative defense. *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 457, 1997-Ohio-253, paragraph one of the syllabus. An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it. *State ex rel. The Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33 (1996). Such a defense "admits that the plaintiff has a claim * * * but asserts some legal reason why the plaintiff cannot have any recovery on that claim." *Id.* As the name suggests, an affirmative defense, such as the doctrine of failure to exhaust administrative remedies, cannot be brought by a plaintiff, but must be brought by the responding party, or defendant. Civ.R. 8(C).

{¶27} Appellant cites a Tenth District case for the proposition that "the failure to exhaust administrative remedies can be applied when * * * the enforcement agency is forced to file a civil action to stop the asserted violations." *Prairie Twp. Bd. of Trustees v. Hay*, 10th Dist. Franklin No. 01AP-1198, 2002-Ohio-4765, ¶ 31. In *Hay*, the Tenth District affirmed the trial court's decision to abstain from a decision on the underlying merits of the case, based on defendant's failure to exhaust administrative remedies. *Id.* at ¶ 32. This case differs significantly from *Hay*. In *Hay*, defendant was notified on four separate

occasions by the township that his property was in violation of its zoning regulations. *Id.* at ¶ 3-7. On each occasion, he was ordered to correct the violations, and informed of an appeal process. *Id.* On each occasion, he took no action. The trial court therefore held that he had failed to exhaust the administrative remedies available to him and should thus be deprived of the opportunity to contest the administrative determinations in a subsequent judicial proceeding.

{¶28} In this case, appellant was served with two letters notifying her of alleged violations of the UTZR and ordering her to take action to correct the alleged violations by a specified date or else "further legal action" would be taken. No provision for appeal of the administrative determination was given in either letter. Neither notice indicated that Jordan could challenge or appeal appellant's finding that she was in violation of the UTZR. Further, at this point, appellant had not imposed any penalties nor sought any remedies. The mere threat of "further legal action" at an unspecified date in the future was not sufficient to require Jordan to seek administrative remedies, particularly where appellant did not provide an opportunity to appeal its findings.

{¶29} Even if the facts supported appellant's claim that Jordan had an opportunity to appeal appellant's determination, appellant's argument that the trial court could not rule in Jordan's favor where Jordan had not first exhausted the administrative remedies available remains unconvincing. As the trial court noted, "[appellant] chooses to ignore the fact that it initiated this action by citing [Jordan] for violating its zoning regulations." Jordan was not seeking a "remedy" in this matter and therefore had no remedies to exhaust. Appellant's second assignment of error is without merit and therefore overruled.

{¶30} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.