KLEIN, Appellant,

v.

HAMILTON COUNTY BOARD OF ZONING APPEALS et al., Appellees.

[Cite as *Klein v. Hamilton Cty. Bd. of Zoning Appeals* (1998), 128 Ohio App.3d 632.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970484.

Decided June 26, 1998.

634

*Donald J. Mooney, Jr.,* for appellant.

*John R. Meckstroth,* for appellee.

GORMAN, Judge.

The plaintiff-appellant, Ronald J. Klein, appeals from the judgment of the court of common pleas upholding the decision of the Hamilton County Board of Zoning Appeals to deny him a variance. Klein owns one unit of a four-unit condominium in Sycamore Township in an area zoned as a "D" residence district. Although the regulations for such a district permit a variety of different uses, including "home occupation," they do not permit Klein to operate, as he does, a nonresidential insurance office. In his two assignments of error, he challenges both the constitutionality of the zoning regulations and the denial of his variance. For the reasons that follow, we affirm.

I

Klein purchased the property, which is approximately a mile from his residence, in 1993. His purpose in buying the property was to obtain an office for his insurance business outside his home. Although aware that the condominium's regulations restricted the use of the property for a business, he was unaware of the zoning restrictions. He obtained the consent of the three other unit owners to operate an insurance office out of his unit and proceeded to do so for approximately two years until he received a visit and a subsequent citation from the Hamilton County Rural Zoning Commission's inspector.

Klein employs one secretary, who works from nine o'clock in the morning to five o'clock in the evening. The unit he owns has three floors. The bottom floor contains his office. The second floor contains his secretary's office, a kitchen, and a living room. The third floor contains three bedrooms, two of which are furnished and the third of which houses workout equipment. There are no signs advertising his business on the property. Three parking spaces are designated for use by the condominium: Klein and his secretary use two of the parking spaces, and the other is reserved for what Klein describes as the "occasional" visitor. According to Klein, he conducts his business primarily over the telephone or in the homes or offices of his clients, and therefore he has no more than

two or three visitors per week. Klein has his mail delivered to a post office box rather than his office.

## II

In his first assignment of error, Klein argues that the zoning board's decision to deny him a variance is arbitrary. He contends that it makes no sense to deny him a commercial use of his property in a residential district when the record demonstrates that the use is less intensive than many of the permitted residential uses such as boarding houses, clubs, hospitals, rest homes, convalescent homes, and schools. He also argues that his use of the property would be permissible under the applicable home-occupation regulation if he but lived on the premises and employed an immediate member of the family as his secretary.[1]

Although not unsympathetic to Klein's predicament, we cannot accept the implicit premise of his argument. Essentially he is asking this court to adopt a rule that the zoning board must allow a commercial business to operate within a residential zone whenever the owner demonstrates that the business operates just as discreetly as, if not more so than, one of the permitted residential uses. Such a rule, however, would subject all residential zoning to mandatory exceptions based upon intensity of use and would further render home-occupation regulations largely superfluous. This is not the purpose of variances. As noted by the Ohio Supreme Court, variances are intended only to "permit amelioration of strict compliance of the zoning ordinance" and are "not authorized to change zoning schemes." *Consol. Mgt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, 6 OBR 307, 309, 452 N.E.2d 1287, 1289. "The authority to permit a variance does not include the authority to alter the character and use of a zoning district." *Id.*

The scope of judicial review of the zoning board's decision, furthermore, is very limited and unusually deferential. The board's decision on such matters is presumed to be valid, and the burden is upon the party contesting the board's determination to prove otherwise. *Id.* at 240, 6 OBR at 309, 452 N.E.2d at 1290; *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, paragraph two of the syllabus; *Hebeler v. Colerain Twp. Bd. of Zoning Appeals* (1997), 116 Ohio App.3d 182, 687 N.E.2d 324. On appeal pursuant to R.C. 2506.03, the court of common pleas cannot substitute its judgment for that of the board so long as the board's decision is supported by a preponderance of reliable, probative, and substantial evidence. *Kisil v. San-*

---

1. Although the appellees do not appear to dispute this contention, we note that the applicable home-occupation regulation requires that "there is no commodity sold upon the premises." Neither side has chosen to address the issue of whether insurance is a commodity under the regulation.

*dusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 29–30, 465 N.E.2d 848, 852. This court's review is even more circumscribed: we are required to affirm the court of common pleas unless we are able to say that, as a matter of law, the decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Id.*

It is Klein's burden, therefore, to demonstrate that, as a matter of law, the evidence preponderated in favor of a variance. The zoning board's criteria for authorizing a variance are found in R.C. 303.14(B) and Section 184.2 of the Hamilton County Zoning Resolution. They require (1) that the variance not be contrary to the public interest, (2) that literal enforcement of the zoning law result in unnecessary hardship, and (3) that the spirit of the resolution be observed and substantial justice be done.

There was evidence before the board that the variance would thwart Sycamore Township's land-use plan. According to the testimony of its law director, Sycamore Township has vigorously defended against "creeping" commercialism along Montgomery Road and is determined to keep the residential areas free from commercial intrusion. The vice-president of the Sycamore Township Board of Trustees testified that the land-use plan had been updated in 1988 and that no variances to the residential character of the area had been thereafter allowed. Both the law director and the vice-president of the board of trustees opined that Klein was asking for a zone change rather than a variance and that he should be required to go through the process required of the former. Additionally, three property owners, including one in the same condominium development as Klein, testified in opposition to the variance.

Concededly, there was also testimony from one of the other condominium members who endorsed the variance because he believed Klein's use to be less intrusive than if the unit was occupied residentially. The record also establishes that, within the residential district, both a psychologist and an interior decorator have residential offices that apparently satisfy the home-occupation regulation. Finally, the record establishes that there are commercial uses outside the residential district but still within a hundred yards of the condominium.[2]

Reviewing this record, we clearly cannot say that the evidence preponderated, as a matter of law, in favor of a variance. Rather, there was substantial evidence presented that Klein's commercial use of the property was both contrary to the strong public interest and inconsistent with the spirit of the zoning law.

 Although Klein argues that literal enforcement of the zoning law would result in an unnecessary hardship, even if true, this is but one of three elements

---

2. The parties also presented letters of support of and opposition to the variance.

necessary to establish entitlement to a variance. Furthermore, the primary hardship he claims is simply that he will not be able to use the property in an impermissible manner; however, even as he stands denied a variance, Klein still has the option of either moving into the premises—which, according to a letter sent by his attorney to the board, he plans to do eventually—or selling the property. Other than an affidavit from Klein expressing his concerns, there is no firm indication in the record that the property is unmarketable subject to the present zoning restrictions. Although Klein argues that it is "highly unlikely" that he will be able to recoup his investment in the property, including money spent fixing it up as an office, this claim is wholly speculative. Even if the claim were true, "[t]he mere fact that [the owner's] property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification." *Consol. Mgt., supra,* 6 Ohio St.3d at 242, 6 OBR at 311, 452 N.E.2d at 1291. Finally, it is noteworthy that Klein's claim of hardship is of his own making, albeit in ignorance rather than in defiance of the law. It is well settled, however, that the person who has created the hardship can generally not apply for a variance based on the hardship. *Id.*

In his second assignment of error, Klein argues that the zoning regulations are unconstitutional as applied to him. He asserts that the zoning resolution "constitutes a taking * * * by prohibiting his only current and economically viable use." He also argues that the zoning resolution lacks a rational basis in that it allows within a residential area such uses as day-care centers, clubs, boarding houses, and home offices, but not his nonresidential insurance office without any signage.

As restated recently by the Ohio Supreme Court, a zoning ordinance is presumed constitutional, and the party challenging the ordinance has the burden of proving its unconstitutionality "beyond fair debate." *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 209, 690 N.E.2d 510, 512. In order to demonstrate that a zoning ordinance is unconstitutional, the owner must demonstrate that it is " 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.' " *Id.* at 213, 690 N.E.2d at 514, quoting *Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303, 313–314. Additionally, to demonstrate a taking, the owner must prove that "the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land." *Id.* at 210, 690 N.E.2d at 512.

Turning first to Klein's allegation of a taking, we again find that the sole basis for this contention is an affidavit stating his concerns that he will be unable to recover his investment "if forced to reconvert the unit to solely a residence."

As before, however, this evidence is not only speculative but also completely inadequate to establish that the condominium has "no economically viable use" as presently zoned. Patently, the property remains economically viable for the purpose for which it was built, a residence.

Second, it is clear that a municipality or other zoning authority is permitted to zone areas as residential in nature. *Euclid, supra.* Furthermore, as the United States Supreme Court has noted, the exclusion of commercial uses may include not only offensive or dangerous businesses but also those businesses that are relatively innocuous without invalidating the zoning law. "The inclusion of a reasonable margin, to [e]nsure effective enforcement, will not put upon a law, otherwise valid, the stamp of invalidity." *Euclid,* 272 U.S. at 388–389, 47 S.Ct. at 118, 71 L.Ed. at 311. See, also, *Cent. Trust Co. v. Cincinnati* (1939), 62 Ohio App. 139, 15 O.O. 378, 23 N.E.2d 450. Further, the mere proximity of an area zoned for business does not affect the rationality of a residential zoning classification. As this court has observed, the fact that the property adjacent to that of the owner's property is zoned for business "can have no argumentative force" in sustaining the owner's claim that "its property must also be included in the business zone on which it abuts." *Id.* at 143, 15 O.O. at 380, 23 N.E.2d at 452.

We hold, therefore, that the residential zoning classification in this case is not clearly arbitrary, unreasonable, or "foreign to any consideration involving the safety, health, morals, or welfare of the public." *Id.* at 143, 15 O.O. at 379, 23 N.E.2d at 452. Klein's strongest argument, it seems to us, is one attacking the concept of home occupation, and yet such regulations have historically been seen as compatible with residential use by seeking to ensure the subordination of the commercial purpose to the building's use as living quarters. We cannot say that this concept is so illogical as to bear no rational relationship to the purpose of residential zoning.

Accordingly, Klein's two assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and PAINTER, J., concur.