OPINION
{¶ 1} Appellants Stephen and Marlene Shugart ("appellants") appeal the decision of the Tuscarawas County Court of Common Pleas that affirmed the decision of the Dover Board of Zoning Appeals ("BZA") and denied their request for injunctive relief. The following facts give rise to this appeal.
 {¶ 2} Since 1986, appellants have resided at 505 Lenora Avenue, Dover. Their home is across the street from Appellee Wallick's business, "Wallick's Collision Specialties and Performance Towing." Appellee Wallick's predecessor in interest obtained a Certificate of Occupancy, in 1993, to utilize the premises as an automobile repair/body shop and has used the premises as such to the present date. Appellants' property is located in a district classified as "R-3, medium density residential." Wallick's business is located, in a district, classified as "M-1, restricted manufacturing."
 {¶ 3} In 1998, appellants began making complaints that Appellee Wallick's operations violate the zoning regulations applicable to M-1 districts. Ultimately, the matter was referred to the BZA for a determination as to whether Appellee Wallick's business was permitted in a M-1 district. On May 10, 2000, the BZA determined that Appellee Wallick's operations constituted a permissible use in a M-1 district.
 {¶ 4} Thereafter, appellants filed an administrative appeal, to the trial court, requesting the issuance of an injunction against the City of Dover and Appellee Wallick. The trial court conducted a trial on April 19, 2002. On April 7, 2003, the trial court denied appellants' appeal and their request for injunctive relief.
 {¶ 5} Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court erred as a matter of law in failing to properly apply the provisions of the city of Dover, Ohio's Zoning Code, to the prejudice of appellants Shugart.
 {¶ 7} "II. The trial court erred as a matter of law and fact in affirming the dover zoning board of appeals to permit a residential R-3 zone to be subjected to a use in A M-1 classification not permitted by the dover zoning ordinance.
 {¶ 8} "III. The trial court erred as a matter of law by failing to issue the injunction requested by appellants in their pleadings.
 "Standard of Review" {¶ 9} R.C. 2506.04 sets forth the applicable standard of review and provides as follows:
 {¶ 10} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 11} The Ohio Supreme Court construed the above language in the case of Henley v. Bd. of Zoning Appeals, 90 Ohio St.3d 142,146, 2000-Ohio-493. The Court stated as follows:
 {¶ 12} "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeal in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612,693 N.E.2d 219, * * * citing Dudukovich v. Lorain Metro. Hous.Auth. (1979), 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113, * * *."
 {¶ 13} Our standard of review to be applied in a R.C. 2506.04
appeal is more limited in scope. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261.
 {¶ 14} It is based upon this standard that we review appellants' assignments of error.
 I {¶ 15} In their First Assignment of Error, appellants contend the trial court erred, as a matter of law, when it failed to properly apply the provisions of the City of Dover's zoning code. We disagree.
 {¶ 16} Specifically, appellants maintain the trial court failed to impose the necessary mandate in favor of the R-3 classification. In support of this argument, appellants cite the case of Klein v. Hamilton Bd. of Zoning Appeals, (1998),128 Ohio App.3d 632. In Klien, a property owner sought a use variance to permit a commercial business in a residential district. Id. at 635. The board of zoning appeals denied plaintiff's request for a variance and plaintiff appealed. Id. On appeal, one of plaintiff's arguments was that the close proximity of his property to a commercially zoned district warrants the issuance of a use variance. Id. at 639. The court of appeals affirmed the decision of the trial court. Id.
 {¶ 17} We do not find the Klein case persuasive in the case sub judice. Klein dealt with the issuance of a use variance. In the matter currently before the court, Appellee Wallick's business has been determined by the BZA to be a permitted use in a M-1 district. As a permitted use, Appellee Wallick does not need a use variance to operate his business in a district zoned M-1.
 {¶ 18} Appellants also maintain, under their First Assignment of Error, the trial court's decision permitted the BZA to exceed its powers granted to it by the codified ordinances of the City of Dover. Appellants claim the BZA exceeded its power when it determined that Appellee Wallick's business operations are included under the M-1 classification.
 {¶ 19} Section 1127.03(a) of the Dover Codified Ordinances supports the conclusion that the BZA did not exceed its powers when it made this determination. This section of the codified ordinances provides, in relevant part:
 {¶ 20} "The Board of Zoning Appeals shall have the power to hear and decide, in accordance with the provisions of this Zoning Ordinance, applications, filed as provided in this Zoning Ordinance, for conditional uses, special exceptions or for interpretation of the Zoning District Map, or for decisions upon other special questions on which the Board is authorized by this Zoning Ordinance to pass. * * *"
 {¶ 21} Accordingly, we conclude the trial court properly applied the provisions of the City of Dover's zoning code. The trial court's decision is supported by the preponderance of substantial, reliable and probative evidence on the whole record.
 {¶ 22} Appellants' First Assignment of Error is overruled.
 II {¶ 23} In their Second Assignment of Error, appellants contend the trial court erred, as a matter of law and fact, when it affirmed the BZA's decision to permit an R-3 district to be subject to a use in a M-1 district not permitted by the City of Dover's zoning ordinances. We disagree.
 {¶ 24} As noted in appellants' First Assignment of Error, the BZA determined that Appellee Wallick's business of repairing damaged automobiles is included within the M-1 classification. The M-1 classification is "restricted manufacturing." Section 1121.44(b) of the City of Dover Ordinances defines "restricted manufacturing" as follows:
 {¶ 25} "`Restricted manufacturing' means any manufacturing or industrial processing which by the nature of the materials, equipment and process utilized are to a considerable measure clean, quiet and free of any objectionable or hazardous elements. Restricted industrial uses shall comply with the performance requirements specified in Chapter 1143 of this Code and shall include the following industrial uses and any other uses which are determined by the Board of Zoning Appeals to be of the same general character: drugs, jewelry, musical instruments, sporting goods; processing and assembly of glass products, small household appliances, electronic products and parts for production of finished equipment; research and testing laboratories; printing and engraving plants."
 {¶ 26} The M-1 classification encompasses a wide range of activities. Further, Section 1121.44(b) permits the BZA to determine, on a case by case basis, whether a particular use is of the type such that would be permitted to be conducted in a M-1 district. In its judgment entry, the trial court determined that Appellee Wallick's body shop business fell under the definition of "Automotive Sales and Repairs." Judgment Entry, Apr. 7, 2003, at 7. "Automotive Sales and Repairs" businesses are permitted uses in B-2 and B-3 districts. Id. Thus, the trial court concluded that since Appellee Wallick's business would be permitted in districts zoned B-2 and B-3, appellee's business is permitted in a M-1 district, which is less restrictive than the B-2 and B-3 districts. Id. at 8.
 {¶ 27} The City of Dover Zoning Ordinances provides the BZA with the power to make such determinations. The trial court's decision is supported by the preponderance of substantial, reliable and probative evidence on the whole record.
 {¶ 28} Appellants' Second Assignment of Error is overruled.
 III {¶ 29} In their Third Assignment of Error, appellants maintain the trial court erred, as a matter of law, by failing to issue the injunction they requested. Our decision in Assignments of Error One and Two renders appellants' Third Assignment of Error moot.
 {¶ 30} Appellants' Third Assignment of Error is overruled as moot.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.