[Cite as *Ehemann Real Estate, Ltd. v. Anderson Twp. Zoning Comm.*, 2020-Ohio-1091.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| EHEMANN REAL ESTATE, LTD., | : | APPEAL NOS. C-190002 |
| | | C-190038 |
| EME FENCE COMPANY, INC., | : | TRIAL NOS.   A-1306230 |
| | | A-1306651 |
| and | : | |
| LAMAR ADVANTAGE GP COMPANY, L.L.C., | : | *O P I N I O N.* |
| | : | |
| Plaintiffs-Appellants/ Cross-Appellees, | : | |
| vs. | : | |
| ANDERSON TOWNSHIP ZONING COMMISSION, | : | |
| | : | |
| and | : | |
| | : | |
| ANDERSON TOWNSHIP BOARD OF TRUSTEES, | : | |
| Defendants-Appellees/ Cross-Appellants. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  March 25, 2020

*Strauss Troy Co., L.P.A., R. Guy Taft, Matthew W. Fellerhoff* and *Stephen E. Schilling*, for Plaintiffs-Appellants/Cross-Appellees,

*Frost Brown Todd L.L.C., Thomas B. Allen* and *Benjamin J. Yoder,* and *The Law Office of Gary E. Powell*  and *Gary E. Powell,* for Defendants-Appellees/Cross-Appellants.

**CROUSE, Judge.**

{¶1}   The case before us concerns an administrative appeal of a zoning dispute between plaintiffs-appellants/cross-appellees Ehemann Real Estate, Ltd., EME Fence Company, Inc., ("EME") and Lamar Advantage GP Company, L.L.C., (collectively "Lamar"), and defendants-appellees/cross-appellants Anderson Township Zoning Commission and Anderson Township Board of Trustees (collectively "the Township").  Ehemann Real Estate owns property located at 5060 Batavia Pike in Hamilton County, Ohio, and leases the property to EME.  EME leases a small portion of the land to Lamar Advantage GP Company, on which Lamar has been operating a legal nonconforming billboard.  This case revolves around the Township's decision that the billboard must be taken down.

{¶2}   The Township cross-appealed the trial court's judgment on the administrative appeal, and argues in two assignments of error that the court erred when it reversed the Township's decision that required the billboard to be taken down.

{¶3}   Lamar appealed the trial court's judgment on its constitutional action, and argues in two assignments of error that the court erred in denying Lamar's motion for summary judgment and granting the Township's motion for summary judgment on Lamar's constitutional claims, and in denying Lamar's motions to present additional evidence under R.C. 2506.03 as part of the administrative appeal.

{¶4}   We affirm the trial court's judgment on the administrative appeal and affirm its grant of summary judgment in favor of the Township on Lamar's constitutional claims.  Therefore, we do not reach Lamar's second assignment of error as it is moot.  All other assignments of error are overruled.

### *Factual Background*

{¶5}   A planned unit development ("PUD") functions as an exception to regular zoning ordinances.  A PUD permits a "property to be used in a manner or intensity not permitted as-of-right by the underlying district regulations."  Anderson Township Zoning Resolution ("ATZR") 4.1.A.  When an applicant applies for a PUD, the township zoning commission reviews the application and approves or denies it.

{¶6}   In 2008, EME filed a PUD application to redevelop its property.  The 2008 PUD application did not mention the nonconforming billboard, and the billboard was not included on the overlay.  However, the billboard was clearly visible in several photographs which were part of the 2008 PUD application.  The zoning commission approved the 2008 PUD application and issued the 2008 PUD resolution ("2008 PUD").  The 2008 PUD did not mention the billboard.

{¶7}   In 2012, EME applied to the zoning commission for a modification to the 2008 PUD.  The 2012 PUD application included the billboard on the overlay.  Without conducting a hearing, the zoning commission approved the 2012 PUD application, but on the condition that the billboard come down "at the end of the lease term or earlier as may be necessitated by the construction of other approved structures on the site."  Lamar appealed to the board of trustees, which remanded the case to the zoning commission to conduct a hearing on the 2012 PUD application.  The commission conducted the hearing, and ruled the same way as before, issuing the 2012 PUD resolution ("2012 PUD"), which approved the application, but on the condition that the billboard come down at the end of the lease.  Lamar again appealed the decision to the board of trustees, which upheld the

3

zoning commission's ruling. Lamar filed an administrative appeal with the trial court, and the case was assigned to a magistrate.

{¶8} Lamar then filed a separate cause of action against the Township, arguing violations of its constitutional rights and seeking a writ of mandamus and a declaratory judgment. During the pendency of the administrative appeal, and the pendency of Lamar's action against the Township, the billboard remained in use, and remains in use to this day.

{¶9} The trial court consolidated Lamar's administrative appeal with Lamar's constitutional action against the Township. The magistrate reversed the board of trustees' decision on the 2012 PUD, holding that the Township's condition requiring removal of the billboard was contrary to law. The trial court adopted the magistrate's decision. The trial court then granted the Township's motion for summary judgment on Lamar's constitutional claims.

### The Township's First Assignment of Error

{¶10} In its first assignment of error, the Township argues that the trial court improperly reversed the Township's zoning decision.

{¶11} A trial court's review of a township's zoning decision is limited. A township's zoning decision is "presumed to be valid, and the burden is upon the party contesting the board's determination to prove otherwise." *Klein v. Hamilton Cty. Bd. of Zoning Appeals*, 128 Ohio App.3d 632, 636, 716 N.E.2d 268 (1st Dist.1998). "The scope of judicial review of the zoning board's decision is very limited and unusually deferential." *Id.* The trial court reviews the decision only to determine if it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence

on the whole record." R.C. 2506.04. The trial court will not substitute its judgment for that of the township so long as the township's decision is supported by a preponderance of reliable, probative, and substantial evidence. *Klein* at 636.

{¶12} Review of an administrative appeal is likewise limited for a court of appeals—an appellate court may only reverse the trial court if it finds that, as a matter of law, the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Id.* at 637.

{¶13} The central issue in this case is whether the 2008 PUD, which did not mention the nonconforming billboard, required the billboard to be removed. The Township contends that the magistrate improperly "reopened" the 2008 PUD and made factual findings regarding the 2008 PUD, even though the 2008 PUD was never appealed and was not before the trial court in this case.

{¶14} ATZR 4.1.I permits adjustments to an approved PUD only if there is "no modification of recorded easements or written conditions of approval contained in an Anderson Township Zoning Commission's Resolution." The magistrate determined that the billboard was not required to be removed under the 2008 PUD, and that by adding such a condition to the 2012 PUD, the Township modified the written conditions of the 2008 PUD, thereby violating ATZR 4.1.I. The trial court adopted the magistrate's decision without further analysis.

{¶15} The Township agreed to make the record from the 2008 PUD part of the record for the 2012 PUD appeal. In order to determine whether the condition in the 2012 PUD requiring removal of the billboard was legal, the magistrate first had to understand the 2008 PUD.

{¶16} It was unclear from the 2008 PUD whether the parties intended for the billboard to remain in place. Paul Drury, the secretary for the zoning commission, admitted as much when he testified during the hearing on the 2012 PUD application. Therefore, the magistrate reviewed the evidence presented in the 2008 PUD application to determine whether the parties intended for the billboard to remain, or to be taken down, as part of the 2008 PUD. The magistrate did not exceed his authority in considering the record from the 2008 PUD because it was included in the record below. The Township's first assignment of error is overruled.

### The Township's Second Assignment of Error

{¶17} In its second assignment of error, the Township argues that the 2008 PUD did not include a condition for the billboard, and so the continued use of the billboard was not permitted because the billboard was a nonconforming use.

{¶18} Zoning resolutions are generally construed in favor of the property owner. In *Terry v. Sperry,* 130 Ohio St.3d 125, 2011-Ohio-3364, 956 N.E.2d 276, ¶ 19, the Ohio Supreme Court explained:

> Zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. Restrictions on the use of real property by ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations *not clearly prescribed.*

(Emphasis added.) *Id.*

{¶19} A nonconforming use refers to a "use of property which was lawful prior to the enactment of a zoning ordinance, and which use may be continued after the effective date of the ordinance even though it does not comply with the applicable use restrictions." *C.D.S., Inc. v. Village of Gates Mills*, 26 Ohio St.3d 166, 168, 497 N.E.2d 295 (1986).

{¶20} At the time the 2008 PUD application was filed, the billboard on the property was too close to the road, and therefore not in compliance with existing zoning regulations. Nevertheless, the billboard was built prior to the applicable zoning regulations taking effect, and so Lamar's continued use of the billboard was permitted as a nonconforming use.

{¶21} Nonconforming uses "may be regulated, and even girded to the point that they wither and die." *City of Columbus v. Union Cemetery Assn.,* 45 Ohio St.2d 47, 49, 341 N.E.2d 298 (1976).

> Zoning ordinances contemplate the gradual elimination of nonconforming uses within a zoned area, and, where an ordinance accomplishes such a result without depriving a property owner of a vested *property right*, it is generally held to be constitutional.

(Emphasis in original.) *City of Akron v. Chapman*, 160 Ohio St. 382, 386, 116 N.E.2d 697 (1953). Thus, a political subdivision may deny the right to resume a nonconforming use where that use was previously abandoned. *Id.* It may also deny a request to extend or enlarge a nonconforming use, or to substitute or add buildings to a nonconforming use. *Id.* at 386-387.

{¶22} Lamar has property rights in the billboard, even though it is a nonconforming use. *See id.* at paragraph two of the syllabus; R.C. 519.19. Also,

although the billboard was not marked on the overlay, the Township was, or at least should have been, aware of its existence because it is clearly visible in photographs of the property which were included in the staff report to the zoning commission as part of the 2008 PUD.

{¶23} The Township argues that the billboard was intentionally left out of the 2008 PUD, and that Lamar intended to forego future use of the billboard. However, Lamar did not include any signs on the overlay—neither freestanding signs nor the billboard—and yet was permitted to continue its use of one of the freestanding signs on the front of the building. The magistrate found that both Lamar and the Township overlooked the continued existence of the billboard during the 2008 PUD process, and that Lamar did not abandon its ownership rights in the billboard simply because the billboard was not included in the 2008 PUD. These findings were supported by a preponderance of the evidence.

{¶24} The Township next argues that Lamar's submission of the 2012 PUD application enabled the Township to regulate the billboard, so as to cause it to "wither and die." However, the Township overlooks the fact that its proposed regulation requiring removal of the billboard would deprive Lamar of a property right. Unlike the examples in *City of Akron,* Lamar never abandoned its use of the billboard, nor did it seek to extend or enlarge its use of the billboard. In fact, Lamar's 2012 PUD application did not include any plans regarding the billboard. Rather, Lamar merely marked the billboard on the overlay for the first time.

{¶25} The Township points to *Brown v. City of Cleveland*, 66 Ohio St.2d 93, 420 N.E.2d 103 (1981), for the proposition that where an owner of a "non-conforming use diversifies his product line and expands his services, the non-

conforming use can be regulated for the protection of the public health, safety and general welfare of the community." *Id.* at 96.

{¶26} *Brown* is distinguishable from the present case. When the political subdivision in *Brown* rejected the request for a zoning variance, it did so because the variance would result in a violation of the parking provision of the zoning code, and would affect the safety of the community. *Id.* In the present case, the Township required removal of the billboard as a condition to approval of a PUD application which in all respects was conforming, and did not result in any additional violations of the zoning code. Also, there was no evidence presented that the billboard affects the health, safety, or general welfare of the community.

{¶27} The removal of the billboard was not "clearly prescribed" in the 2008 PUD. *See Terry,* 130 Ohio St.3d 125, 2011-Ohio-3364, 956 N.E.2d 276, at ¶ 19. The only condition in the 2008 PUD which came close was condition six, which stated that "the freestanding signs on the site will be removed with the final development proposal and be replaced by signage that meets the regulations of the Anderson Township Zoning Resolution." But, the Township's own witness, Paul Drury, admitted during a hearing on the 2012 PUD application that condition six did not apply to the billboard.

{¶28} A preponderance of the evidence supports the magistrate's holding that the omission of the billboard from the 2008 PUD was an oversight, and not an intentional relinquishment of Lamar's property rights in the billboard. None of the examples in *City of Akron* or *Brown* apply, and Lamar maintained a property right in the billboard through its continuous nonconforming use. By adding the condition requiring removal while approving the 2012 PUD application, the Township

modified the written conditions of the 2008 PUD, thereby violating ATZR 4.1.I. The Township's second assignment of error is overruled.

### Lamar's First Assignment of Error

{¶29} In its first assignment of error, Lamar argues that the trial court erred in granting the Township's motion for summary judgment on Lamar's constitutional claims.

{¶30} We review a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Whitley v. Progressive Preferred Ins. Co.,* 1st Dist. Hamilton No. C-090240, 2010-Ohio-356, ¶ 7.

{¶31} Lamar first claims that the Township violated its constitutional rights by substantially interfering with Lamar's property. Lamar argues that it was entitled to a writ of mandamus against the Township, because the Township used the PUD process to substantially interfere with Lamar's property, resulting in a taking of Lamar's property.

{¶32} "Mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged." *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 11. "To establish a taking, a landowner must demonstrate a substantial or unreasonable interference with a property right." *State ex rel. Hilltop Res. v. Cincinnati*, 166 Ohio App.3d 171, 2005-Ohio-6817, 849 N.E.2d 1064, ¶ 22 (1st Dist.). "That interference may involve the actual physical taking of real property, or it may include the deprivation of an intangible interest in the premises." *Id.*

{¶33} Lamar argues that the Township interfered with three types of property interests: (1) the right to continue its use of the property, (2) rights to the billboard and associated leasehold interests, and (3) rights to the billboard as personal property.

{¶34} The billboard stands to this day, and has been used by Lamar, without interruption, during the pendency of the case. Therefore, there has been no physical taking of Lamar's property, nor has the Township substantially interfered with Lamar's right to continue using the billboard as it was used prior to the 2012 PUD. The only remaining question is whether the Township's actions demonstrated a substantial or unreasonable interference with an intangible interest in the property, such as the associated leasehold interests.

{¶35} The billboard is located on the property pursuant to a long-standing lease agreement between Lamar and EME. Lamar leases the billboard to various entities for advertising. There is no indication that Lamar was financially affected by the requirement that the billboard come down at the end of the lease. In February 2013, Ron Ehemann testified that the lease automatically renews every 15 years, and that it was up for renewal in November 2017. The billboard continues to operate today, presumably under a new 15-year lease which renewed in 2017. Lamar does not claim that it was forced to lease the billboard from EME or to advertisers for a different price or duration due to the Township's actions. Lamar also does not claim that it could not have sold the billboard in the intervening years since the 2012 PUD, or at least that it would have had to sell it at a reduced price. There was no evidence presented that it has lost any income that it would have otherwise collected had the 2012 PUD not required removal of the billboard.

{¶36} During oral argument, Lamar argued that the Township interfered with an intangible property interest when it repeatedly denied EME's requests for a permanent certificate of occupancy in retaliation for Lamar appealing the zoning commission's ruling and filing its constitutional action. In his affidavit attached to the motion for summary judgment, Ron Ehemann stated that the denials of the permanent certificates of occupancy required EME to spend a total of $6,019.32 between 2012 and 2017 to obtain temporary certificates of occupancy in order to remain in business. In 2017, the Township did grant EME a permanent certificate of occupancy.

{¶37} Although not addressed by the Township, we cannot say that the certificates were denied for retaliatory purposes, and in fact may have been denied for entirely proper reasons. Moreover, that EME had to apply for temporary certificates of occupancy from 2012 until 2017 was not such a "substantial" or "unreasonable" interference with an intangible property right as to constitute a taking. The trial court did not err in finding that a taking never occurred and that a writ of mandamus was not warranted.

{¶38} Lamar next argues that the trial court erred in denying its motion for summary judgment on its second cause of action for a declaratory judgment. Lamar contends that the 2012 PUD was unconstitutional because it was arbitrary and unreasonable and had no relation to public health or safety.

{¶39} Zoning laws are presumed constitutional. *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St.3d 207, 209, 690 N.E.2d 510 (1998). A zoning regulation is only unconstitutional if it is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general

welfare." *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926). It is the burden of the party challenging the zoning ordinance to prove "beyond fair debate, that the zoning classification is unreasonable and not necessary to the health, safety and welfare of the municipality." *Goldberg* at 212; *Dover v. Village of Evendale*, 1st Dist. Hamilton No. C-840658, 1985 WL 11469, *3 (Sept. 18, 1985).

{¶40} Lamar argues that the Township's 2012 decision was "a naked property grab as part of an illegal attempt to remove billboards within Anderson Township." Lamar contends that the trial court's finding that the 2012 PUD was contrary to law established that the decision was arbitrary and unreasonable. This argument is without merit. The 2008 PUD did not mention the billboard at all. The trial court had to determine what the status of the billboard was when the 2008 PUD was approved, and whether the billboard must be removed. The court noted that "[t]his is not an easy question to answer." Thus, while the Township's decision requiring removal of the billboard was ultimately found to be contrary to law, the court never found the decision to be arbitrary or unreasonable. We also do not find the decision to be arbitrary or unreasonable.

{¶41} Lamar next points to the Township's failure to show that the regulation supports public health or safety. However, the burden was on Lamar to show that the regulation was "unreasonable and not necessary to the health, safety and welfare of the municipality." *See Goldberg* at 212. As discussed above, it has failed to do so.

**{¶42}** Next, Lamar argues that the trial court erred in denying Lamar's motion for summary judgment on its cause of action alleging that the Township violated its substantive-due-process rights by requiring removal of the billboard.

**{¶43}** This court has previously declined to review a plaintiff's substantive-due-process claim as it related to a denial of a request for a zoning variance. *Blust v. Blue Ash*, 177 Ohio App.3d 146, 2008-Ohio-3165, 894 N.E.2d 89, ¶ 23 (1st Dist.).

> Substantive due process in general pertains only to liberty interests secured by the United States Constitution. Because property is an individual right secured by state law, property rights are protected only by procedural due process. Therefore, we reject the substantive-due-process claim.

*Id.*; *1946 St. Clair Corp. v. City of Cleveland*, 49 Ohio St.3d 33, 35, 550 N.E.2d 456 (1990) (where the "claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the procedural due process right to notice and hearing").

**{¶44}** However, in a subsequent case, this court seemed to indicate that a substantive-due-process claim may be viable with regard to some property rights. *See Jones v. Norwood*, 1st Dist. Hamilton No. C-120237, 2013-Ohio-350, ¶ 81 (holding that "Jones has not demonstrated a substantive fundamental right to continued residency in her rented apartment"), citing *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985) (Powell, J., concurring) ("not every [property] right is entitled to the protection of substantive due process. While property interests are protected by procedural due process even

14

though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution.").

{¶45} The Township does not argue that this court cannot review Lamar's substantive-due-process claim. Rather, the Township contends that Lamar has not made out a substantive-due-process claim.

{¶46} Federal courts have entertained substantive-due-process claims with regard to property rights. "Citizens have a substantive-due-process right 'not to be subjected to arbitrary or irrational zoning decisions.' " *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir.2008), quoting *Pearson v. Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir.1992), citing *Arlington Hts. v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 263, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). A substantive-due-process claim in the zoning context requires proof that "(1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *White Oak Property Dev., LLC v. Washington Twp., Ohio*, 606 F.3d 842, 853 (6th Cir.2010), quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir.2008). A local zoning ordinance survives a substantive-due-process challenge if there exists a rational relationship between the terms of the ordinance and a legitimate governmental purpose. *White Oak* at 853.

{¶47} Lamar cites *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 856 (6th Cir.2012), for the proposition that it has a constitutionally protected property interest in the existing zoning classification of the property. Thus, Lamar contends that it has a property interest in the 2008 PUD, which rezoned the property, and included the continued use of the nonconforming billboard.

15

{**¶48**} The Ohio Supreme Court has applied a standard similar to a federal substantive-due-process challenge in *Jaylin Invest., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903. In that case, the court held that zoning is a "valid legislative function of a municipality's police powers," and that "courts should not interfere with zoning decisions unless the municipality exercised its power in an arbitrary and unreasonable manner and the decision has no substantial relation to the public health, safety, morals, or general welfare." *Id.* at ¶ 10, citing *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

{**¶49**} In *State ex rel. Ridge Club v. Amberley Village*, 1st Dist. Hamilton No. C-070012, 2007-Ohio-6089, ¶ 36, this court applied the standard from *Jaylin* to the plaintiff's due-process claim. The court held that the plaintiff's due-process rights were violated where the ordinance was arbitrary and unreasonable, and had no substantial relation to the public's health, safety, and welfare. *Id.* at ¶ 39.

{**¶50**} Lamar argues that the Township's zoning decision as applied was arbitrary and capricious and deprived Lamar of a constitutionally protected property interest. Even if we consider Lamar's substantive-due-process argument, it fails under both the state and federal standards. Lamar has failed to show that it was deprived of any property interest or that the Township's ruling on the 2012 PUD application was arbitrary or unreasonable. The fact that the Township's ruling was contrary to law is not sufficient to sustain a claim of violation of substantive due process. *See Ctr. for Powell Crossing, LLC v. City of Powell, Ohio*, 173 F.Supp.3d 639, 669 (S.D.Ohio 2016) (holding that a mere error in the interpretation of state law is not a violation of due process).

{¶51} Finally, Lamar argues that the trial court erred by denying its motion for summary judgment for damages and attorney fees under 42 U.S.C. 1983 and 1988.

{¶52} 42 U.S.C. 1983 provides a method for vindicating violations of federal rights. *Denver v. Casbeer*, 1st Dist. Hamilton No. C-050106, 2005-Ohio-5860, ¶ 10. To succeed on its 1983 claim, Lamar was required to show that the Township's conduct deprived Lamar of rights, privileges, or immunities secured by the Constitution or laws of the United States, and that the Township was acting under color of state law. *See id.* 42 U.S.C. 1988(b) permits a party who prevails on its 1983 claim to recover reasonable attorney fees.

{¶53} Lamar has failed to show that the Township violated its constitutional rights. Therefore, Lamar is not entitled to damages under 42 U.S.C. 1983 or attorney fees under 1988(b).

{¶54} The trial court did not err in granting the Township's motion for summary judgment. Lamar's first assignment of error is overruled.

### Conclusion

{¶55} The Township's assignments of error and Lamar's first assignment of error are overruled. Since we uphold the trial court's judgment on the administrative appeal, we do not address Lamar's second assignment of error because it is moot. The trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

17

Please note:

The court has recorded its own entry on the date of the release of this opinion.